WILLIAMS, Judge,
concurring.
Although I cannot say an award of $150,-000 for wrongful death of Dennis Anderson is clearly wrong, I find fault with the majority opinion due to its failure to address a disparity in the trial court’s reasons for judgment. The comments of the lower court reflect that it considered $250,000 to be the appropriate wrongful death award. Nevertheless, it reduced the jury’s award to $150,000.
In its written reasons, the trial court stated “it has examined the jurisprudence and finds that taking the oldest and highest prior award for the wrongful death of a child under the age of 7 years and adjusting same on the consumer price index, rounding, and taking cognizance of where we are in the state of our jurisprudential assessing of the ‘value’ of a child’s life, the maximum award for the wrongful death in this case is $150,000.00.” In note 3, however, the court indicated “... [t]he Court would quarrel with the present jurisprudential ‘value’ of a child’s life; the more appropriate value is $250,000.00 rather than the $150,000.00 the Court has fixed because it feels constrained to do so by the jurisprudence.”
The monetary value placed upon Dennis Anderson’s wrongful death is to be based upon the individual circumstances of this case, and not the amount awarded in prior wrongful death cases. Prior awards are only an aid for determining the excessiveness or inadequacy of an award, for instance, by showing a present award is greatly disproportionate to past awards for truly similar injuries. See Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir.1984), writ den., 450 So.2d 1309, 1311 (La.1984). Therefore, if the trial court considered $250,000 to be the highest award reasonably within the jury’s discretion, then the trial court was not constrained by jurisprudence to award a lesser amount.